## C. H. F. BOHSTEDT v. HARRY SHANKS, Appellant.

**Intoxicating liquors:** NUISANCE: EVIDENCE. Evidence reviewed
1 and held to show that defendant, a restaurant keeper, in whose
  possession was found a large quantity of beer, had the same
  for illegal sale, and also held sufficient to support an injunction
  restraining the nuisance.

**Appeal:** ABSTRACTS: TIME FOR FILING. Where an appellee serves
2 an amended abstract more than eight months after the ap-
  pellant's abstract is served, and no excuse for the delay is
  made, it should be stricken from the files because not filed
  within the time required.

*Appeal from Iowa District Court.*— HON. R. P. HOWELL,
Judge.

WEDNESDAY, JUNE 10, 1908.

ACTION to enjoin a liquor nuisance. There was a judg-
ment as prayed, from which the defendant appeals.— *Af-
firmed.*

*J. D. Butler,* for appellant.

*Popham & Havner,* for appellee.

SHERWIN, J.— This action was commenced on the 5th
day of July, 1906, at which time the defendant was engaged
in the restaurant business in the town of Millersburg, Iowa
county, occupying with said business a build-
ing on the north eighteen feet of lot twenty-
nine. The defendant's building was searched
the day before, and about one hundred and forty bottles of
beer were found therein, concealed in different places in the
room. It had been taken there from the depot at Webster,

*1. INTOXICATING LIQUOR: nuisance: evidence.*

a station five miles away, on the same day. On the trial the defendant admitted that he had sold beer illegally on the premises before the 28th of June, 1906, and practically admitted that he purchased the beer in question for illegal sale. He claimed, however, that he had ordered it from Davenport, Iowa, June 8th, but that the shipment was so delayed that it did not reach him until the 4th of July. He also testified that he held a government license for the sale of intoxicating liquor for the year ending June 30, 1906, and on the 8th day of July received a license for another year. He testified that on the 28th day of June, 1906, he resolved to quit selling beer and destroyed his license; that he also destroyed the license that he later received; and that he has not since engaged in the business, but has permanently abandoned it and leased the premises in question. It may be that the defendant in good faith resolved to quit the illegal traffic, but, if so, it is unfortunate that he did not countermand his order for the delayed beer. He says that he received it for his own use, but twelve cases of quart bottles is, we judge, rather a large and unusual single shipment for family consumption. Moreover, it arrived at an inopportune time to support the appellant's contention that he had withdrawn from the business on the 28th of June. The facts and circumstances are too strong to be overcome by the mental resolve of June 28th, and we must affirm the judgment of the lower court. The cases relied upon by the appellant are not parallel in their facts, and are not controlling.

The appellee filed an additional abstract, and the appellant asks that it be stricken because not filed within the time required by rule 31. The motion must be sustained. The 2. APPEAL: abstracts: time for filing. appellant's abstract was served prior to September 1, 1907, and the amended abstract was not served until the 28th of April, 1908, nearly eight months later than the rule permits, and no excuse is offered for the delay. The cost of printing the same will be taxed to the appellee.— *Affirmed.*